# Exhibit A

00398360.1

Todd Drayton, Esq. / Attorney ID 023661997
**LAW OFFICE OF TODD DRAYTON, LLC**
1253 Springfield Avenue, PMB # 349
New Providence, New Jersey  07974
(908) 603-9077 Telephone
(908) 651-9169 Facsimile
Attorneys for Plaintiff Donna Hughes

| | |
|---|---|
| **DONNA HUGHES**, <br><br> Plaintiff, <br><br> vs. <br><br> **DESIGNER BRANDS; DSW SHOE WAREHOUSE, INC. d/b/a DSW;** and **ABC CORPORATIONS 1-10** (fictitious names representing unidentified individuals, businesses, public entities and/or corporations who owned, controlled, maintained or was otherwise responsible for the premises that is the subject of this action), <br><br> Defendants. | **SUPERIOR COURT OF NEW JERSEY** <br> **LAW DIVISION - UNION COUNTY** <br> **Docket No. PAS-L-** <br><br> *Civil Action* <br><br><br> **COMPLAINT AND JURY DEMAND** |

The Plaintiff, Donna Hughes, residing at ███████████████████████, County of Passaic, complaining of the above-captioned Defendants, herewith says:

## FIRST COUNT

1. On or about April 8, 2024, the Plaintiff, Donna Hughes, was lawfully present upon premises owned, controlled, maintained and/or operated by the above-captioned Defendants, at which was situated a DSW shoe store, whose address is 95 Route 23 South, Wayne, County of Passaic, New Jersey, 07470.

2. At the time and place aforesaid, Ms. Hughes was suddenly and without warning caused to trip and fall over a wooden palette or box present within the walking

pathway. Said wooden palette or box created a tripping hazard which was not apparent and in fact hidden from Ms. Hughes' view immediately before her fall.

3. Upon information and belief, the Defendant, Designer Brands, owns, controls, maintains and/or operates the aforementioned DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey. Defendant Designer Brands has its principal business address at 810 DSW Drive, Columbus, Ohio, 43219.

4. Upon information and belief, the Defendant, DSW Shoe Warehouse, Inc., d/b/a DSW, also owns, controls, maintains and/or operates the aforementioned DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey. Defendant, DSW Shoe Warehouse, Inc., d/b/a DSW has its principal business address at 810 DSW Drive, Columbus, Ohio, 43219.

5. Defendants ABC Corporations 1-10 are fictitious names designated as such to represent any and all unidentified individuals, businesses, companies and/or corporations who either owned, controlled, maintained or was in any other way responsible for maintaining the aforementioned DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey, which includes keeping its walking surfaces free of hazards to the public, and especially to Plaintiff Donna Hughes. Although the full identities of Defendants ABC Corporations 1-10 are presently unknown, it is expected that during discovery the identities of these Defendants will be revealed and the appropriate names (and any further specific deeds) of these Defendants will be substituted into this matter.

6. At all times relevant hereto, Defendant Designer Brands, Defendant DSW Shoe Warehouse, Inc. d/b/a DSW and Defendant ABC Corporations 1-10 (hereinafter collectively referred to as "Defendants") were responsible for maintaining the subject floor

and all walking surfaces within the aforementioned DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey.

7. Therefore, at the time and place aforesaid, all Defendants hereto, individually and/or collectively, through their agents, assigns, servants, subcontractors and/or employees, either owned, operated, controlled and/or maintained the DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey and, in particular its walking surfaces and any wooden palettes or boxes placed upon same in a negligent and careless condition so as to cause a dangerous and hazardous condition to exist thereon; and did therefore cause Plaintiff Donna Hughes to trip and fall as a result of said dangerous and hazardous condition, sustaining severe and permanent bodily injuries.

8. All Defendants hereto, individually and/or collectively, through their agents, assigns, servants, subcontractors and/or employees, are jointly, severally and/or individually liable and responsible to the Plaintiff, Donna Hughes, for their negligence and carelessness, and in particular for the following:

   i. failing to properly keep the DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey, all floors, walking surfaces and all furniture placed upon its floors in a safe and orderly condition;
   ii. failing to exercise proper care of the subject flooring, walking surfaces and furniture within the premises;
   iii. causing a dangerous and hazardous condition to exist upon their premises, flooring and/or walking surfaces within the DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey, which is open to members of the public, like Ms. Hughes;
   iv. allowing a nuisance to exist upon their premises, flooring, walking surfaces and/or within the DSW shoe store, which is open to members of the public, like Ms. Hughes;
   v. failing to provide proper safeguards and/or warnings at, near or about the walkway and aisles upon which shoes are placed, arranged and featured throughout the DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey, which contained a hidden danger or defect and thus created a tripping hazard to members of the public, like Ms. Hughes;

    vi.    failing to timely supervise and/or inspect the subject premises, flooring, walking surfaces and/or DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey, which is open to members of the public, like Ms. Hughes; and

    vii.    failing to use reasonable care in the design, construction and/or maintenance of their premises, flooring, walking surfaces and aisles, as well as any wooden palettes or boxes placed on the floors, aisles or within the walkways withing the DSW shoe store situated at 95 Route 23 South in Wayne, New Jersey – all of which was open to members of the public, like Ms. Hughes.

9.    As a result of the aforesaid negligence and carelessness, all Defendants are jointly, severally and/or individually liable for the Plaintiff Donna Hughes' severe and permanent bodily and other injuries to her face, neck, shoulders, back and hips, which she still suffers from and will in the future continue to suffer from, and which includes but is not limited to great pain, anguish and restriction of her bodily movements; confinement for a period of time and any such future confinement as may be needed; past, present and all future economic damages resulting directly or indirectly from her injuries aforesaid (including large sums of money already expended for medical and other needed care for the relief of her aforesaid injuries); and the past, present and future inability to continue her usual course of conduct, lifestyle, daily activities and/or employment.

**WHEREFORE**, Plaintiff Donna Hughes demands Judgment against all Defendants hereto jointly, severally and/or individually, for compensatory damages, together with attorneys' fees, costs of suit and such other relief as the Court may deem just and necessary.

## JURY DEMAND

Plaintiff Donna Hugues hereby demands a trial by jury as to all of the issues contained herein.

4

## DEMAND FOR INTERROGATORIES

Pursuant to R. 4:17-(b)(ii) the Plaintiff Donna Hughes hereby demands that the above-named Defendants answer the uniform interrogatories listed in Form C and Form C(2) of Appendix II of the Rules of Court within the time limits prescribed by the Rules.

## NOTICE TO PRODUCE # 1

Pursuant to R. 4:18-1, the Plaintiff Donna Hughes hereby demand that the above-named Defendants to this matter produce the following documentation within thirty-five (35) days as prescribed by the Rules of Court. Additionally, it is noted that the following requests are ongoing and continuing in nature and that the Defendants are therefore required to continuously update their responses thereto as new information or documentation comes into existence.

a) Entire and complete, true and accurate copies (or duplicates) of any and all police reports and/or other police investigation records pertaining to any and all Defendants to this matter in connection with the aforementioned incident. This demand includes any and all investigative documents, including but not limited to all hand- or type-written reports, memoranda, notes, witness statements, **photographs**, **motion pictures**, **videos**, **videotapes**, **audio cassette tapes**, **DVDs, CDs**, **and/or any other recorded media or film format, which may include but is not limited to camera phone videos or films, digital camera recordings**, diagrams, sketches or other film or media reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the flooring (floor plan) in question, the accident scene or anything else relevant to the incident that occurred on or about the Defendants' premises.

5

b) The foregoing demand shall further include copies of any and all documents sent by, or at the request of, any Defendant to any police department or State agency, insurance carrier or third party in connection with this accident and/or litigation, with the single exception of any privileged or confidential communications or other correspondence between any Defendant and that Defendant's attorneys. All documents and other materials are to be produced to the office of Plaintiff's attorneys within sixty (60) days in accordance with the Rules of Court.

c) Copies of any and all signed or unsigned statements, documents, communications and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

d) Copies of any and all discovery received from any third party to this action.

e) Copies of any and all medical information and/or documentation concerning the Plaintiff to this matter, namely, Donna Hughes, whether same concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

f) Copies of any and all records subpoenaed by any Defendant or received from any other source concerning the Plaintiff or concerning the incident in question.

g) Copies of any and all web pages, web postings, instant messages, internet messaging and/or any other form of electronic messaging which appeared on any Facebook, Twitter, Instagram, Snapchat, personal webpage and/or any other social website

or webpage on the Internet that was owned, leased, purchased, possessed, or otherwise utilized by either of the Plaintiff Donna Hughes or any of the Defendants to this matter.

## DEMAND FOR INSPECTION OF ORIGINAL RECORDS

Further to the above and pursuant to R. 4:18-1, demand is hereby made that the Defendants make available all original records, or certified copies of the original records, described in the preceding Notice to Produce within the above-prescribed sixty (60) days.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4 the Court is advised that TODD DRAYTON, ESQ. is designated as trial counsel.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge, that the above-captioned action is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated at this time. I reserve the right to amend this Certification upon the completion of further discovery.

Dated: February 8, 2025          **LAW OFFICE OF TODD DRAYTON, LLC**

                                 _____
                                 **TODD DRAYTON, ESQ.**

# Civil Case Information Statement

**Case Details: PASSAIC | Civil Part Docket# L-000490-25**

**Case Caption:** HUGHES DONNA VS DESIGNER BRANDS
**Case Initiation Date:** 02/10/2025
**Attorney Name:** TODD DRAYTON
**Firm Name:** TODD DRAYTON, LLC
**Address:** 1253 SPRINGFIELD AVE PMB # 349
NEW PROVIDENCE NJ 07974
**Phone:** 9086039077
**Name of Party:** PLAINTIFF : Hughes, Donna
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Donna Hughes?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/10/2025                                                                                                    /s/ TODD DRAYTON
Dated                                                                                                              Signed