# IN THE UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF NEW JERSEY

## Newark Division

| | |
|---|---|
| DONNA HUGHES,<br>　　　　Plaintiff,<br><br>v.<br><br>DESIGNER BRANDS; DSW SHOE WAREHOUSE, INC. d/b/a DSW; and ABC CORPORATIONS 1-10 (fictious names representing unidentified individuals, businesses, public entities and/or corporations who owned, controlled, maintained or was otherwise responsible for the premises that is the subject of this action),<br>　　　　Defendants. | :<br>:<br>:<br>:<br>: Case No. 2:25-cv-17150<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT DESIGNER BRANDS AND DSW SHOE WAREHOUSE, INC. d/b/a DSW'S ANSWER TO PLAINTIFF'S COMPLAINT

## STATEMENT PURSUANT TO L. CIV. R. 10.1

Defendant, Designer Brands, Inc. (improperly identified as "Designer Brands; DSW Shoe Warehouse, Inc. d/b/a DSW"), is a corporation incorporated in the State of Ohio, with its headquarters located at 810 DSW Drive, Columbus, Ohio 43129. Upon information and belief, Plaintiff, Donna Hughes, is a resident of the State of Florida.

## ANSWER

Defendant, Designer Brands, Inc. (hereinafter "Answering Defendant"), hereby answers the Complaint of Plaintiff, Donna Hughes, averring:

## FIRST COUNT

1.　　Admitted in part, denied in part. It is admitted upon information and belief that

Plaintiff was in the DSW shoe store, located at 95 Route 23 South, Wayne, New Jersey 07470 (hereinafter "DSW Store") on or about April 8, 2024. The remaining averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth and accuracy pertaining to the status of Plaintiff, Donna Hughes, on April 8, 2024. These averments are therefore denied, and strict proof thereof is demanded at trial.

2. Denied as stated. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Answering Defendant specifically denies all allegations of a dangerous condition in the DSW Store. By way of further response, Answering Defendant denies all allegations of causation. These averments are therefore denied, and strict proof thereof is demanded at trial.

3. Admitted in part, denied in part. It is admitted that Answering Defendant operated the DSW Store and Answering Defendant has its principal place of business at 810 DSW Drive, Columbus, Ohio 43219. The remaining averments in this paragraph are conclusions of law to which no response is required. Therefore, such averments are denied and strict proof thereof is demanded at trial.

4. Admitted in part, denied in part. It is admitted that Answering Defendant operated the DSW Store and Answering Defendant has its principal place of business at 810 DSW Drive, Columbus, Ohio 43219. The remaining averments in this paragraph are conclusions of law to which no response is required. Therefore, such averments are denied and strict proof thereof is demanded at trial.

5. The averments in this paragraph pertain to a defendant other than Answering

Defendant and therefore, no response is required.

6. Denied as stated. The averments in this paragraph are conclusions of law to which no response is required. Therefore, such averments are denied and strict proof thereof is demanded at trial.

7. Denied as stated. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Answering Defendant specifically denies all allegations of carelessness and/or negligence on behalf of Answering Defendant or any of its agents, assigns, servants, subcontractors, and/or employees. By way of further response, Answering Defendant specifically denies all allegations of the existence of a dangerous and/or hazardous condition in the DSW Store and all allegations of causation. By way of further response, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining allegations in this paragraph. Therefore, such averments are denied and strict proof thereof is demanded at trial.

8. (i)-(vii). Denied as stated. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Answering Defendant specifically denies all allegations of negligence and/or carelessness on behalf of Answering Defendant or any of Answering Defendant's agents, assigns, servants, subcontractors, and/or employees. By way of further response, Answering Defendant denies all allegations of liability and/or responsibility. Therefore, such averments are denied and strict proof thereof is demanded at trial.

9. Denied as stated. The averments in this paragraph constitute conclusion of law to which no response is required. To the extent a response is required, Answering Defendant specifically denies all allegations of negligence and/or carelessness on behalf of Answering

Defendant. By way of further response, Answering Defendant without knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining allegations in this paragraph. Therefore, such averments are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Answering Defendant respectfully requests judgment to be entered in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The proximate and actual cause of Plaintiff's injuries were the acts and/or omissions of persons over whom Answering Defendant had no control, right to control, or duty to control.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's recovery is barred by Plaintiff's assumption of a known risk.

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint fails, in whole or in part, due to Plaintiff's failure to make reasonable efforts to mitigate or minimize her damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

4. Answering Defendant is entitled to a credit or set off with respect to all collateral payments to Plaintiff for injuries or damages arising from the alleged wrong, under N.J.S.A. § 2A:15-97.

### FIFTH AFFIRMATIVE DEFENSE

5. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

6. Answering Defendant avers that Plaintiff suffered no compensable loss, damage, or injury as a result of Answering Defendant's conduct.

## SEVENTH AFFIRMATIVE DEFENSE

7. While denying any fault with respect to the subject matter of the Complaint, Answering Defendant states that insofar as fault on its part may be found, such fault did not proximately cause any damages allegedly sustained by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

8. While denying any fault with respect to the subject matter of the Complaint, Answering Defendant states that insofar as fault may be found, such fault is limited by the Joint Tortfeasors Contribution Law, N.J.S.A. § 2A:53A-1 et seq. and/or the New Jersey Joint and Several Liability Statute, N.J.S.A. § 2A:15-5.1 et seq.

## NINTH AFFIRMATIVE DEFENSE

9. The Complaint may be barred, in whole or in part, by Plaintiff's own contributory negligence.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by the provisions of the New Jersey Tort Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint may be barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

12. By way of further defense, Answering Defendant specifically reserves the right to

plead hereafter as further affirmative defenses, including those set forth in the Rules of Civil Procedure, those that continuing investigation and discovery and the introduction of evidence at trial, may render applicable to the claims and causes of action declared upon by Plaintiff in the Complaint.

      **WHEREFORE**, Answering Defendant respectfully requests judgment be entered in its favor and against Plaintiff.

      Respectfully submitted,

      **KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY: _____
      Justin A. Bayer, Esq.
      4 Sentry Parkway East, Suite 100
      Blue Bell, PA 19422
      Phone: 610-275-2000
      Fax: 610-275-2018
      E-mail: jbayer@kanepugh.com
      NJ 032722004
      *Designer Brands, Inc. (improperly identified as "Designer Brands; DSW Shoe Warehouse, Inc. d/b/a DSW ")*

Dated: November 7, 2025